**C–B KENWORTH, INC. a/k/a GMC Trucks of Portland, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, and A.B. Volvo, and Volvo GM Heavy Truck Corp., Defendants.**

**Civ. No. 87–0250–P.**

United States District Court,
D. Maine.

Dec. 22, 1987.

George S. Isaacson, Martin I. Eisenstein, Lewiston, Me., for plaintiff.

Wendell G. Large, Richardson & Troubh, Portland, Me., Daniel L. Goldberg, William N. Berkowitz, Andrea H. Maislen, Bingham, Dana & Gould, Boston, Mass., for General Motors Corp.

John J. O'Leary Jr., Pierce Atwood, Portland, Me., for A.B. Volvo and Volvo GM.

## MEMORANDUM OF DECISION AND ORDER GRANTING PLAINTIFF' MOTION TO CONTINUE

GENE CARTER, District Judge.

### I. Introduction

Plaintiff C–B Kenworth, a Portland-based truck dealer, brought this action on August 14, 1987, seeking to enjoin Defendant General Motors Corporation ("GMC") from terminating a portion of Plaintiff's GMC truck franchise, and seeking to recover damages for alleged contractual and statutory injury. On October 28, 1987, each of the Defendants moved to dismiss Plaintiff's action. Defendants GMC and Volvo GM Heavy Truck Corp. ("Volvo GM") moved in the alternative for summary judgment.

On November 5, 1987, Plaintiff filed the instant Motion to Continue, pursuant to F.R.Civ.P. 56(f).[1] Plaintiff claimed it could not submit an informed response to Defendants' motions until it had conducted more comprehensive discovery. It therefore requested that the Court extend the deadline within which Plaintiff was required to respond to Defendants' motions.

For the reasons set forth herein, the Court grants Plaintiff's Motion.

### II. Background

Defendant GMC manufactures and markets three lines of trucks, light-duty, medium-duty and heavy-duty, according to the gross weight of the load the trucks are designed to carry. Since 1980, Plaintiff has sold and serviced all three lines of

1. Federal Rule of Civil Procedure 56(f) reads: "Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

GMC trucks, under a franchise agreement with GMC. Plaintiff's most recent contract with GMC was executed on November 1, 1985, and remains effective through October 31, 1990.

In December, 1986, Defendant GMC informed its dealers, including Plaintiff, that it would no longer produce or market heavy-duty trucks, and that the portion of each dealer's franchise agreement dealing with heavy-duty trucks would be terminated December 31, 1987. GMC announced it had entered into a joint venture with Volvo North America,[2] and that the joint venture ("Volvo GM") would assume complete and exclusive responsibility for producing and marketing heavy-duty trucks. The trucks would be distributed under a new name, and would be sold only by authorized joint venture dealers. Plaintiff was not selected as a dealer for the joint venture.

Plaintiff brought this action alleging that the creation of the joint venture, and its potential effect on Plaintiff's dealership and on the heavy-duty truck market in Maine, violated federal and state anti-trust statutes, causing injury to Plaintiff's business. Plaintiff claimed further that Defendant's termination of the heavy-duty truck portion of its dealership violated federal and state auto franchise statutes and breached the parties' franchise agreement. Plaintiff now seeks a continuance to complete discovery on the claims raised in Defendants' motions to dismiss before responding to those motions.

### III. Analysis

■ Rule 56(f) is intended to prevent the improvident or premature grant of summary judgment by allowing the party opposing the summary judgment motion to assemble facts essential to its opposition before filing an affidavit supporting the opposition. 10A Wright, Miller & Kane, Federal Practice and Procedure, §§ 2740–1, citing *Black Panther Party v. Smith*, 661 F.2d 1243 (C.A.D.C.1981). Only parties who have diligently pursued discovery are entitled to the protections afforded under Rule 56(f). *Over The Road Drivers, Inc. v. Transport Ins. Co.*, 637 F.2d 816 (1st Cir. 1980). Continuances under Rule 56(f) are particularly appropriate where the cause of action is complex, and where the facts essential to the opposing party's affidavit are within the other party's exclusive control. *Modern Home Institute, Inc. v. Indemnity Co.*, 513 F.2d 102 (2nd Cir.1975).

■ Plaintiff alleges, in an affidavit submitted in support of its Motion for Continuance, that discovery is not yet complete on three issues key to Defendants' motions to dismiss or for summary judgment.[3] First, Plaintiff seeks additional discovery on the creation and operation of the joint venture, claiming that through such discovery it can determine the degree to which GMC retains control over the joint venture, and thus the extent of GMC's continuing obligations to its dealers.

Plaintiff next seeks additional discovery on the continued production and marketing of Brigadier trucks. The Brigadier is one of GMC's heavy-duty models for which Plaintiff allegedly has an established clientele. GMC has disclosed that it will continue manufacturing the Brigadier after it ceases production of other heavy-duty models, but that all Brigadiers built will be sold to the joint venture for distribution under the joint venture's private label. Plaintiff claims it needs additional information regarding the future production of Brigadier line to determine the propriety of GMC's refusal to sell Brigadiers to Plaintiff.

Finally, Plaintiff claims it needs additional discovery on the ownership and control of GMC's Chicago Truck Center. Plaintiff

---

**2.** Plaintiff named A.B. Volvo as a party defendant. A.B. Volvo is, however, a Swedish corporation that acts solely as the titular parent corporation to Volvo subsidiaries in North America, and has no connection with the joint venture with GMC or with Plaintiff's cause of action. Plaintiff has agreed to stipulate to A.B. Volvo's dismissal from the action, and has expressed an intention to serve Volvo North America.

**3.** Plaintiff's affidavit raised more than three factual issues on which further discovery was necessary. Discovery conducted between the time the instant motion was filed and the time the Court addressed it has resolved the factual issues not addressed here.

alleges that the truck center, a truck retailer, sold a number of trucks to Plaintiff's key customer in Maine, violating Maine's Motor Vehicle Dealer's Act, 10 M.R.S.A. §§ 1171 et seq. Plaintiff claims that until further discovery is conducted on these issues, Plaintiff cannot submit an informed opposition to Defendants' motions.

Plaintiff has submitted a detailed affidavit supporting its claims. In that affidavit, Plaintiff alleges that the information sought is within Defendant GMC's exclusive possession. The record shows, furthermore, that Plaintiff has diligently pursued discovery from the date it filed this action until the date it filed the instant Motion. Finally, the claims raised in this action are complex, and the information sought is central to the Court's resolution of the pending motions to dismiss or for summary judgment. The information is, therefore, essential to Plaintiff's response to those motions.

Accordingly, the Court ORDERS that Plaintiff's Motion for Continuance be, and it is hereby, GRANTED. Plaintiff shall have until February 1, 1988, to complete discovery, and until February 15 to submit its opposition to Defendants' Motions to Dismiss or for Summary Judgment. Defendants shall then have 10 days to file reply memoranda.

So ORDERED.